UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNELL A. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV00027 CEJ |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Johnell Bell (registration no. 1103934), an inmate at South Central Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $23.00. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous claims of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $62.67, and an average monthly balance of $115.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $23.00, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Named as defendants are George Lombardi (Director of the Missouri Department of Corrections ("MoDOC")), Dwayne Kempker (Deputy Director, MoDOC), Terry Russell (Warden, Eastern Reception Diagnostic and Correctional Center ("ERDCC")), Jason

Lewis (Deputy Warden, ERDCC), Don Roper (Functional Unit Manager, ERDCC), Fred Treece (Major, Chief of Custody, ERDCC), David Vandergriff (Captain, ERDCC), Randall Owens Investigator, ERDCC), Ralph Sturdevant (Investigator, ERDCC), David Howe (Correctional Officer, ERDCC), Unknown McFerron (Correctional Officer, ERDCC), Jordan Villmer (Correctional Officer, ERDCC), Timothy Jones (Correctional Officer, ERDCC), Matthew Downs (Correctional Officer, ERDCC), Margaret Huff (Correctional Officer, ERDCC), Terry Russell, Jr. (Correctional Officer, ERDCC), Tina Coffman (Nurse, ERDCC), Kathy Moore (Clinical Case Manager, ERDCC), Christopher Skaggs (Clinical Case Manager, ERDCC), John Montgomery (Functional Unit Manager, ERDCC), John Doe 1 (Correctional Officer, ERDCC), Benjamin Dement (Correctional Officer, ERDCC), John Francis (Correctional Officer, ERDCC), and John Doe 2 (Correctional Officer, ERDCC).

Plaintiff alleges that on May 28, 2013, Villmer placed him in wrist restraints and then punched him. Plaintiff says that Howe, Jones, Downs, Huff, and Russell, Jr., then entered the cell and jointly assaulted him. Plaintiff further claims that McFerron, Moore, and Skaggs were present but failed to protect him.

Plaintiff asserts that, immediately after the assault, Coffman refused to assess him or treat him because she blamed him for the incident. Plaintiff maintains that he had suffered facial fractures, a chipped tooth, right eye damage, and several cuts from the beating.

Plaintiff says that his mother called Lombardi and complained about the assault. As a result of the call, says plaintiff, Francis, Dement, and John Doe 2 came to his cell, handcuffed him, and told him to tell his mother not to call the prison any more or there would be "more trouble" for plaintiff.

Plaintiff asserts that he was issued a conduct violation for allegedly assaulting Villmer during the May 28 incident. Plaintiff states that Montgomery and John Doe 1 found him guilty

of the violation without allowing plaintiff to present any evidence on his own behalf. Plaintiff asserts that he was placed in disciplinary segregation for ninety days and that he spent one hundred seventy-five days in administrative segregation.

Plaintiff claims that, before he was assaulted, several other inmates had been beaten while in handcuffs by correctional officers in the housing unit where plaintiff lived. Plaintiff asserts that one incident resulted in the death of the inmate. Plaintiff contends that defendants Lombardi, Kempker, Russell, Lewis, Roper, Treece, Vandergriff, Owens, and Sturdevant knew of these incidents and that they had the supervisory power to prevent future incidents. Plaintiff alleges that, despite their knowledge and authority, they took no action to prevent the risk of further harm to inmates, including himself.

**Discussion**

Plaintiff's claims regarding the assault, failure to protect, denial of medical care, and the supervisors' failure to prevent correctional officers from assaulting prisoners all state a claim for relief under § 1983. As a result, the Court will order the defendants to whom those claims are directed to respond to the allegations in the complaint.

Plaintiff brings this action against the MoDOC defendants in both their individual and official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, plaintiff's official-capacity claims against the MoDOC defendants are legally frivolous.

To state a claim under ' 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant

hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. E.g., Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant). As a result, plaintiff's allegations against Montgomery and John Doe 1 fail to state a claim upon which relief can be granted.

Plaintiff's claim that Dement, Francis, and John Doe 2 told him to tell his mother to stop calling the prison or there would be "more trouble" fails to rise to the level of a constitutional violation. See Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."). Consequently, the Court will dismiss these defendants from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $23.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants George Lombardi, Dwayne Kempker, Terry Russell, Jason Lewis, Don Roper, Fred Treece, David Vandergriff, Randall Owens, Ralph Sturdevant,

David Howe, Unknown McFerron, Jordan Villmer, Timothy Jones, Matthew Downs, Margaret Huff, Terry Russell, Jr., Tina Coffman, Kathy Moore, and Christopher Skaggs.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants George Lombardi, Dwayne Kempker, Terry Russell, Jason Lewis, Don Roper, Fred Treece, David Vandergriff, Randall Owens, Ralph Sturdevant, David Howe, Unknown McFerron, Jordan Villmer, Timothy Jones, Matthew Downs, Margaret Huff, Terry Russell, Jr., Tina Coffman, Kathy Moore, and Christopher Skaggs shall respond to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants John Montgomery, John Doe 1, Benjamin Dement, John Francis, or John Doe 2, because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An order of partial dismissal will be filed separately.

Dated this 3rd day of February, 2014.

/s/ Carol E. Jackson
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE