UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNELL A. BELL, I, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CV-0027 (CEJ) |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for an order compelling discovery pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Defendants have responded in opposition.

I. **Background**

Plaintiff, a state prisoner, brings this action pursuant to 42 U.S.C. § 1983, alleging that correctional officers at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) assaulted him on May 28, 2013. In the complaint, plaintiff identifies seven other inmates whom he alleges were also assaulted by correctional officers at the ERDCC on various dates from January 2013 to August 2013. Plaintiff alleges that defendant George Lombardi, the director of the Missouri Department of Corrections, and other prison officials knew or should have known of the danger to plaintiff safety because of the numerous prior assaults on inmates, but that they failed to take steps to protect him.

Plaintiff propounded a set of interrogatories to defendant Lombardi, some of which were objected to on grounds of relevance, overbreadth, and undue burden. Plaintiff now moves to compel defendant Lombardi to answer Interrogatories 4-9, 12-13, and 21.

II. **Legal Standard**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Given that the Federal Rules of Civil Procedure allow for broad discovery, the burden is typically on the party resisting discovery to explain why discovery should be limited. See Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). That is, after the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993); St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production. St. Paul Reinsurance Co., 198 F.R.D. at 511-12; Carlson v. Freightliner LLC, 226 F.R.D. 343, 370 (D. Neb. 2004). "[T]he party resisting discovery must show specifically how each interrogatory or request for production is not relevant or how each question is overly broad, burdensome or oppressive." St. Paul Reinsurance Co., 198 F.R.D. at 511-12 (internal quotations and citations omitted).

III. **Discussion**

To succeed on his Eighth Amendment failure to protect claim, plaintiff must show that defendant Lombardi was deliberately indifferent to a substantial risk of

2

serious harm. Farmer v. Brennan, 511 U.S. 825, 840 (1994). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007). "[N]either unsupported conjecture nor negligence regarding a substantial risk of serious harm to the inmates is sufficient to prove deliberate indifference." Lenz v. Wade, 490 F.3d 991, 996 (8th Cir. 2007). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The Supreme Court has explained that "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842-43 (internal quotations and citations omitted). "For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk." Id. (internal quotations and citations omitted).

The Eighth Circuit has held that a record supported the conclusion that a prison official had exhibited deliberate indifference to a substantial risk of serious harm to the inmates when the supervisor "(1) had received numerous letters and other complaints accusing the officer of using excessive force, (2) had not investigated the accusations, and (3) ignored recommendations from other officials

3

that the officer be reassigned or discharged." Lenz, 490 F.3d at 996 (summarizing Davis v. Delo, 115 F.3d 1388, 1392-93, 1396 (8th Cir. 1997)); see also Riley v. Olk-Long, 282 F.3d 592, 595-96 (8th Cir. 2002) (affirming the district court's denial of the supervisor's and warden's motions for judgment as matters of law because the officer had been the subject of numerous investigations concerning his inappropriate behavior with inmates and the supervisor and warden believed the officer was a problem and may be sexually assaulting inmates).

Defendants object to the following interrogatories as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence:

5. How often do you receive reports from the wardens about the state of the prisons they run? What all do those reports entail?

6. In your time as director, how many of your subordinates have you personally disciplined or had disciplined for excessive use of force cases?

7. From 2011, January 1st until 2013, May 28th, how many physical use of forces on inmates were there in the MO.DOC?

8. From 2011, January 1st until 2013, May 28th, how many physical use of forces on inmates were that at ERDCC?

9. From 2011, January 1st until 2013, May 28th, how many inmates received any physical injuries as a result of a use of force?

21. What actions had you taken from 2011, January 1st until 2013, May 28th concerning use of forces where injuries occurred to offenders in MO.DOC?

The Court agrees with plaintiff that the information sought is reasonably likely to lead to the discovery of evidence relevant to his allegations. Evidence obtained from these interrogatories may show a pattern of misconduct relevant to his claim of deliberate indifference to a substantial risk of abuse. The responses may show defendant Lombardi's notice of and failure to respond to earlier incidents of excessive force and failure to protect. See Perry v. Martin, No. 4:10-CV-2436 (SNLJ), 2013 WL

2467925, at *2-3 (E.D. Mo. July 7, 2013) (granting similar discovery requests to a prisoner alleging excessive force and failure to protect). Also, the Court finds that the time period covered by these interrogatories is sufficiently narrow in scope. See id. at *3 (granting a document request for a ten-year time period).

With respect to Interrogatory 5, plaintiff notes that § 217.185 of the Missouri Revised Statutes requires the chief administrative officer of each correctional center to make monthly reports to the appropriate division director, including a report of all admissions and discharges to the correctional center; a report of all assaults, deaths, and escapes from the correctional center; a report of all complaints filed with the chief administrative officer of the correctional center; and any other information requested by the director. Defendants do not contest this statutory obligation.

Defendant Lombardi has failed to meet his burden in opposition to the discovery by providing specific explanations or factual support for his objections. See St. Paul Reinsurance Co., 198 F.R.D. at 511-12. Defendants' argument that plaintiff fails to allege that correctional supervisors knew of the alleged incidents of abuse or that the incidents were deemed to be excessive force is circular. Plaintiff has alleged deliberate indifference to excessive force, and is seeking evidence through the mechanism of discovery to support his claims. "[E]vidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk." Farmer, 511 U.S. at 842-43 (internal quotations and citations omitted). As such, plaintiff is entitled to this information and defendant Lombardi must respond to these interrogatories.

Defendants also object to the following interrogatories as overbroad, and argue that plaintiff is not entitled to defendants' disciplinary files or documents relating to past complaints by other inmates:

4. If [you have ever had a section 1983 civil action filed against you as a MO.DOC employee], please list reason(s) why for each claim?

6. Please explain who [of your subordinates] you [have] disciplined [for excessive use of force], what their discipline was, why they were disciplined, their job title, where they worked, the date of the use of force and the date you took action?

12. Have any of the named defendants in this case ever previously been accused of and/or disciplined in any way for the claims for which they are accused of in this case?

13. Have any of the named defendants in this case ever been disciplined for any reason? If yes, list who, why and when?

Defendants also argue that plaintiff is not entitled to information in the monthly institution reports mentioned in Interrogatory 5.

Defendants argue that Missouri Revised Statute § 217.075 prohibits the disclosure of information that may affect the safety and security of a corrections facility. See Mo. Rev. Stat. § 217.075.1(3) (stating that "[a]ny internal administrative report or document relating to institutional security" is not a "public record" within the meaning of chapter 610). Defendants state that allowing an offender access to information regarding officers' disciplinary histories or about complaints made by other offenders would compromise the safety and security of the correctional facility. Offenders such as plaintiff, defendants argue, could use such information as leverage in their interactions with staff and other offenders, or could use it to fabricate new claims against staff.

Because evidentiary privileges operate to exclude relevant evidence, the Supreme Court has directed that courts must narrowly construe privileges and statutes creating them. See Univ. of Pa. v. EEOC, 493 U.S. 182, 189 (1990) ("We do

not create and apply an evidentiary privilege unless it promotes sufficiently important interests to outweigh the need for probative evidence," and "any such privilege must be strictly construed.") (internal quotations and citations omitted); PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 815-16 (8th Cir. 2002) (narrowly construing a privilege delineated by state statute). To the extent that Mo. Rev. Stat. § 217.075 creates an evidentiary privilege that defendants may invoke, it will be construed narrowly.

The Court finds that Interrogatories 4 and 6 are overbroad. Thus, defendant Lombardi may limit his answer to Interrogatory 4 to prior § 1983 actions involving claims similar to those alleged in this case. The answer to Interrogatory 6 may be limited to disciplinary action taken by Lombardi against Department of Corrections employees at ERDCC for excessive use of force. The information sought in Interrogatory 12 is relevant to the issues involved in this case and defendants have not shown that it is overbroad or unduly burdensome. However, the objection to Interrogatory 13 will be sustained, as it seeks information about disciplinary action resulting from conduct that has nothing to do with the conduct of the defendants alleged in this case.

The Court is receptive to defendants' concern about producing sensitive information in this case. However, defendants' privacy and security interests may be protected by a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. See Her v. Paulos, No. Civ. 11-808 (PAM/TNL), 2012 WL 6634777, at *6 (D. Minn. Dec. 20, 2012) (finding that documents requested by a prisoner were not privileged under a state statute regulating access to government data and ordering defendants to propose a protective order). Therefore, defendants may submit to the

Court a proposed protective order governing the use, release, and accessibility of the information as permitted by Fed. R. Civ. P. 26(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an order compelling discovery [Doc. #58] is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that defendant George Lombardi shall have until **February 17, 2015** to answer the plaintiff's interrogatories as set forth above.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2015.