UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNELL A. BELL, I, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-0027 (CEJ) |
| ) | |
| GEORGE A. LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the motions of defendants Todd Renshaw, Brett Ferguson, Shanta Pribble,[1] Rosa Lee,[2] and David Mullen to dismiss the amended complaint for failure to state a claim. Plaintiff has not responded to the motions, and the time allowed to do so has expired.

### **I.    Background**

Plaintiff Johnell A. Bell, an inmate in the Missouri Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983, alleging that correctional officers at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) assaulted him in his cell in the administrative segregation unit on May 28, 2013. Following the alleged assau;t, plaintiff contends that medical providers and employees of Corizon Health, Inc., including the moving defendants, failed to ensure he received proper medical care for his injuries.

In the complaint, plaintiff alleges that defendant Tina Coffman, a nurse, came to his cell the morning of May 28, 2013 to assess his injuries, but she refused to

---

1 Identified as "Shanta Morgan" in the instant motion.
2 Identified as "Rosalie Kaine" in the instant motion.

discuss his injuries with him and only cleaned the blood from his face. On May 29, 2013, Coffman returned to plaintiff's housing unit and told him that she would do a full assessment of his injuries later and that she had requested x-rays because she thought something could be broken. Plaintiff states he did not receive proper medical care from Coffman until May 30, 2013, when he was fully assessed and given ibuprofen for his head injury and antibiotic ointment for the abrasions and cuts on his face, wrists, and arms. He alleges that he suffered permanent damage to his vision, permanent scars on his face, wrists, hands and legs, a chipped tooth, fractured face, and burning skin as a result of the delay in treatment.

Plaintiff alleges that defendants Renshaw, Ferguson, Pribble, Lee, and Mullen, as Coffman's superiors, had a duty to ensure he received medical attention following the use of force incident, but were deliberately indifferent to his health and safety by failing to ensure that Coffman provided him proper treatment. The moving defendants argue that the amended complaint contains no specific factual allegations against them and, as such, it hould be dismissed for failure to state a claim.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a

well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A claim of deliberate indifference involves both an objective and subjective analysis. Jackson v. Buckman, 756 F.3d 1060, 1065 (8th Cir. 2014). The objective component requires a plaintiff to demonstrate an objectively serious medical need. Id. "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009) (quoting Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009)). The subjective component requires "a mental state akin to criminal recklessness." Vaughn, 557 F.3d at 908 (quoting Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)).

It is also "well settled that 'respondeat superior is not a basis for liability under 42 U.S.C. § 1983.'" Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Kulow v. Nix, 28 F.3d 855, 858 (8th Cir. 1994)). In particular, "a general

responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Id. (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)).  Supervisors can incur individual liability under § 1983 in only "two ways: they can be liable for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference or tacit authorization of the violative practices." Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993) (internal quotations and citations omitted).  The latter "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996).  "[A] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." Lenz v. Wade, 490 F.3d 991, 995-96 (8th Cir. 2007) (quoting Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989)).

In the amended complaint, plaintiff seeks to hold defendants Renshaw, Ferguson, Pribble, Lee, and Mullen liable for the alleged misconduct of defendant Coffman based solely on their supervisory positions.  He fails to allege any personal involvement of these defendants in the alleged violation of his rights or any corrective inaction that constitutes deliberate indifference or tacit authorization of alleged violation of his rights.  Because respondeat superior does not lie as a basis for liability under § 1983, plaintiff has failed to state a claim against these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of defendants Todd Renshaw, Brett Ferguson, Shanta Pribble, Rosa Lee, and David Mullen to dismiss the amended complaint for failure to state a claim [Doc. ##75, 89] are **granted**.

An Order of Dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2015.